# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DAEDERICK CADELL LACY,**

    **Plaintiff,**

    v.                    CASE NO. 17-3029-SAC-DJW

**ERIK RAMSEY,**
**et al.,**

    **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Butler County Jail in El Dorado, Kansas. This matter comes before the Court on Plaintiff's Motion to Appoint Counsel (Doc. 3); Motion for Leave to Amend Complaint (Doc. 5); and Motion for Default Judgment (Doc. 6).

On May 22, 2017, Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. 5). This is Plaintiff's first request to amend his complaint. The Court finds that Plaintiff is entitled to amend his complaint under Fed. R. Civ. P. 15(a) and grants the motion. *See* Fed. R. Civ. P. 15(a)(1) (a party has the right to amend the complaint once as a matter of course if the amendment is timely filed). However, Plaintiff failed to attach his proposed Amended Complaint to his motion as required by the Court's Local Rules. *See* D. Kan. Rule 15.1. Because Plaintiff has indicated that he is in the process of changing facilities (Doc. 7), the Court will grant him additional time to submit his proposed Amended Complaint.

An Amended Complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court. It follows that a plaintiff may not simply refer to an

1

earlier pleading, and the Amended Complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (17-3029-SAC-DJW) at the top of the first page of his Amended Complaint and he must name every defendant in the caption of the Amended Complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

Plaintiff has also filed a motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

The Court denies the motion to appoint counsel without prejudice to Plaintiff refiling the motion after the Court has screened Plaintiff's Amended Complaint. It is not clear at this

juncture whether Plaintiff will assert a colorable claim against a named defendant in his proposed Amended Complaint or whether the issues in the Amended Complaint will be complex.

Plaintiff has also filed a Declaration for Entry of Default (Doc. 6). Plaintiff's declaration states that Defendants were served and failed to respond to Plaintiff's Complaint. The Defendants have not been served in this case, and they will not be served unless Plaintiff's proposed Amended Complaint survives the Court's screening process pursuant to 28 U.S.C. § 1915A. Plaintiff's declaration is inaccurate and his motion for default judgment is premature.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Appoint Counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 6) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 5) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 21, 2017** in which to file an Amended Complaint naming proper defendants and setting forth sufficient facts which show the personal participation of each person named as a defendant.

The clerk is directed to send Plaintiff forms for filing a civil rights complaint pursuant to § 1983, which he must use for his Amended Complaint.

**IT IS SO ORDERED**.

**Dated on this 9th day of June, 2017, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**