IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAEDERICK CADELL LACY,

      Plaintiff,

      v.                               CASE NO. 17-3029-SAC-DJW

ERIK RAMSEY,
et al.,

      Defendants.

## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff Daederick Cadell Lacy is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the El Reno–FCI in El Reno, Oklahoma, the events giving rise to his Complaint took place during his detention at the Butler County Jail in El Dorado, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff filed a Motion for Leave to Amend Complaint (Doc. 5). The Court granted the motion, but because Plaintiff failed to attach his proposed amended complaint to the motion, the Court granted Plaintiff until July 21, 2017, to file his amended complaint. In light of Plaintiff's transfer to El Reno-FCI, the Court extended the deadline to July 31, 2017. Because Plaintiff failed to file an amended complaint by the deadline, the Court will screen Plaintiff's original Complaint at Doc. 1.

Plaintiff alleges that the law library and the access to the law library at the Butler County Jail are inadequate. Plaintiff claims that on December 25, 2016, and February 5, 2017, he was forced to choose between out of cell exercise time and access to the law library. Plaintiff names as defendants: the United States; Erik Ramsey, Captain at Butler County Jail; and Jeremiah Emrich; Sergeant at Butler County Jail. As Count I, Plaintiff claims a denial of access to the courts. As Count II, Plaintiff claims a violation of his First and Eighth Amendment rights because he was forced to choose between out of cell exercise and access to the law library on the two dates. Plaintiff seeks injunctive relief, compensatory damages and punitive damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however

true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in

this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### *1. Denial of Access to the Courts*

It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

To state a denial of access claim due to lack of legal resources, the inmate must allege something more than that the prison's or jail's law library or legal assistance program is inadequate. He "must go one step further and demonstrate that the alleged shortcomings in the

library or legal assistance program hindered his efforts to pursue a legal claim," causing him "actual injury." *Lewis*, 518 U.S. at 348, 350. In order to satisfy the actual injury requirement, the plaintiff must show that, by denying plaintiff access to the law library, prison officials frustrated or impeded the plaintiff's ability to file or litigate a non-frivolous action. *Id.* at 351, 354–55. Moreover, providing law library facilities to inmates is merely "one constitutionally acceptable method to assure meaningful access to the courts." *Id*. at 351 (*citing Bounds v. Smith*, 430 U.S. 817, 830 (1977)). It follows that the inmate represented by counsel is not entitled to a law library.

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

Plaintiff alleges that he was denied access to the courts, presumably because he was required to choose between out of cell exercise and access to the law library on two occasions. Plaintiff makes no attempt to explain how this prevented him from accessing the courts or caused him actual injury. The claim is not plausible, particularly since he was able to file this action in federal district court.

## 2. Cruel and Unusual Punishment

In Count II, Plaintiff alleges First and Eighth Amendment violations of his "right to abstain from cruel and unusual punishment and prohibiting the free exercise thereof, and negligence."[1] (Doc. 1, at 4.) Plaintiff's cruel and unusual punishment claim is subject to dismissal for failure to state a claim.

A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*. To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

---

[1] Plaintiff has failed to set forth any allegations suggesting a First Amendment violation; and claims under § 1983 may not be predicated on mere negligence. *See Griffin v. Easter*, No. 5:14–CV–3034–JTM, 2015 WL 4946340, at *4 (D. Kan. Aug. 19, 2015).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*. It is not enough to establish that the official should have known of the risk of harm. *Id*.

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id*. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations. . .' may meet the standard despite a shorter duration." *Id*. (citations omitted).

Plaintiff does not allege a period of complete denial of exercise or of complete denial of access to the law library. Rather, he was forced to choose between the two on two occasions. Plaintiff alleges no facts showing that Defendants both knew of and disregarded an excessive risk to his health or safety. Plaintiff's allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of

serious harm." Plaintiff's claim regarding the conditions of his confinement at the Butler County Jail are subject to dismissal for failure to state a claim of cruel and unusual punishment. Furthermore, Plaintiff is no longer housed at the Butler County Jail, rendering his request for injunctive relief moot.

## V. Response Required

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety for failure to state a claim. Plaintiff is therefore required to show good cause why his Complaint (Doc. 1) should not be dismissed for the reasons stated herein. The failure to file a timely, specific response waives de novo review by the District Judge, *see Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Col. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **September 11, 2017,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas on this 21st day of August, 2017.**

<u>s/ David J. Waxse</u>

**David J. Waxse**
**U. S. Magistrate Judge**