IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAEDERICK CADELL LACY,**

    **Plaintiff,**

    v.                                      CASE NO. 17-3029-SAC-DJW

**ERIK RAMSEY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the El Reno–FCI in El Reno, Oklahoma, the events giving rise to his Complaint took place during his detention at the Butler County Jail in El Dorado, Kansas. Plaintiff alleges that the law library and the access to the law library at the Butler County Jail are inadequate. Plaintiff claims that on December 25, 2016, and February 5, 2017, he was forced to choose between out of cell exercise time and access to the law library. As Count I, Plaintiff claims a denial of access to the courts. As Count II, Plaintiff claims a violation of his First and Eighth Amendment rights because he was forced to choose between out of cell exercise and access to the law library on the two dates. Plaintiff seeks injunctive relief, compensatory damages and punitive damages.

On August 21, 2017, Magistrate Judge Waxse entered a Notice and Order to Show Cause (Doc. 12) ("NOSC"), ordering Plaintiff to show cause why this matter should not be dismissed due to the deficiencies set forth in the NOSC. The NOSC gave Plaintiff until September 11, 2017, to respond to the NOSC. Plaintiff has failed to respond by the deadline.

The NOSC found that Plaintiff's claim alleging a denial of access to the courts, presumably because he was required to choose between out of cell exercise and access to the law

library on two occasions, failed to allege that he was prevented from accessing the courts or that it caused him actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing."). The NOSC found that the claim is not plausible, particularly since he was able to file this action in federal district court. This claim is dismissed for failure to state a claim.

The NOSC also found that Plaintiff failed to set forth any allegations suggesting a First Amendment violation and Plaintiff's cruel and unusual punishment claim was subject to dismissal for failure to state a claim. Plaintiff failed to allege a period of complete denial of exercise or of complete denial of access to the law library. Rather, he was forced to choose between the two on two occasions. Plaintiff alleges no facts showing that Defendants both knew of and disregarded an excessive risk to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Plaintiff's allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." *See id.* at 834. Plaintiff's claim regarding the conditions of his confinement at the Butler County Jail is dismissed for failure to state a claim of cruel and unusual punishment.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 19th day of September, 2017.**

<u>s/ Sam A. Crow</u>
SAM A. CROW
U. S. Senior District Judge